IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 22-CR-00144-TFM |
| | ) | |
| KERRY LAMARK PACKER | ) | |

**UNITED STATES' MOTION FOR THE PRELIMINARY ORDER OF
FORFEITURE TO BECOME THE FINAL ORDER OF FORFEITURE**

The United States of America moves this Court to make the preliminary order of forfeiture previously entered in this case the final order of forfeiture, stating the following:

On December 28, 2022, the United States filed a motion for a preliminary order of forfeiture for the following property:

**One FNH USA, model FNS-9C, 9mm pistol, serial number CSU0053256;**

**One Stag Arms, model Stag-15, 5.56mm rifle, serial number 27694;**

**13 rounds of 9mm ammunition; and**

**30 rounds of .223 caliber ammunition.**

The Court granted the United States' motion on January 12, 2023. (Doc. 33, PageID.119-121). The Court's preliminary order of forfeiture provided that if no third-party filed a timely petition after proper notice and publication by the United States pursuant to *Fed. R. Crim. P. 32.2(c)(2)* the preliminary order of forfeiture "becomes the final order of forfeiture, and the United States shall file a motion requesting that this Order become the final order of forfeiture." (Doc. 33, PageID.121)

As demonstrated by the United States' proof of publication, the United States properly published notice in accordance with *Fed. R. Crim. P. 32.2(b)(6)(C)* and 21

U.S.C. § 853(n)(1). (Doc. 81, PageID.351-355). The internet publication notified all who might have an interest in the property listed above of the United States' intent to dispose of such property and provided instructions on filing a petition to adjudicate an interest in the property. Since the first date of internet publication on www.forfeiture.gov was May 10, 2023, the final date for filing a petition to adjudicate an interest in the property was on July 9, 2023.

The United States also sent direct written notice to Justin Dwayne Ausbon[1], as a person either known to have an alleged interest in the forfeitable property, pursuant to 21 U.S.C. § 853(n)(1) or who reasonably appeared to be a potential claimant under *Fed. R. Crim. P. 32.2(b)(6)(A)*. (Doc. 44). The notice included a copy of the preliminary order of forfeiture and advised all persons of his/her right to file a petition for the property and provided instructions for filing such a petition. The United States did not send direct notice to anyone else concerning the property identified in the preliminary order of forfeiture because it is unaware of any other person "who reasonably appears to be a potential claimant with standing to contest the forfeiture" under *Fed. R. Crim. P. 32.2(b)(6)(A)*.

No third-party has filed a petition to asset an interest in the property that is the subject of the preliminary order of forfeiture and the time for filing such petitions has expired. When all third-party petitions have been adjudicated, or if no petitions were filed, it is appropriate to enter a final order of forfeiture in accordance with *Fed R. Crim. P. 32.2(c)(2)*. In addition, 21 U.S.C. § 853(n)(7) provides that following disposition of all

---

[1] Notice was returned unclaimed from last known address.

petitions or if not petitions are timely filed in accordance with 21 U.S.C. § 853(n)(2), "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee."

Further, the Court's preliminary order of forfeiture, provides that pursuant to *Fed. R. Crim. P. 32.2 (b)(4)(A) and (B)*, the preliminary order of forfeiture "shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and judgment." (Doc. 33, PageID.121). The forfeiture was included as a part of the defendant's sentence in the written judgment. (Doc. 78, PageID.340-345)

With the preliminary order of forfeiture having become final as to the defendant at sentencing and no third-party petitions being filed, it is now appropriate for the preliminary order of forfeiture to become the final order of forfeiture.

WHEREFORE, pursuant to 21 U.S.C. § 853(n) and *Fed. R. Crim. P. 32.2(c)(2)*, the United States respectfully requests that the preliminary order of forfeiture become the final order of forfeiture, forfeiting to the United States all right, title and interest in the property listed above, for disposition according to law, and vesting clear title to said property in the United States of America.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By: /s/ Gina S. Vann
GINA S. VANN
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602

3

Telephone (251) 441-5845